BENJAMIN B. WAGNER
United States Attorney
MARK J. McKEON
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                               )<br>          Plaintiff,          )<br>                               )<br>     v.                        )<br>                               )<br>                               )<br>GREGORY PAUL STYLES,           )<br>MARVIN MITCH FREEMAN,          )<br>                               )<br>          Defendants.          )<br>_____ ) | No. 1:06-cr-00013 LJO<br><br>STIPULATION FOR CONTINUANCE OF<br>TRIAL AND TRIAL CONFIRMATION<br>HEARING; ORDER THEREON |

It is hereby stipulated between the defendant, GREGORY PAUL STYLES, by and through his attorney of record, Eric Kersten; defendant MARVIN MITCH FREEMAN, by and through his attorney of record, Stephen Mensel, and plaintiff the United States, by and through Assistant U.S. Attorney Mark J. McKeon, as follows:

    1.   Counts Four and five of the indictment in this case charges both defendants with Honest Service Mail Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1341, 1346 and 2.  The indictment alleges that defendant STYLES, aided and abetted by defendant FREEMAN, executed a scheme to defraud his employer [Chowchilla Elementary School District (CESD)]of honest services.  Count One of the indictment charges conspiracy to commit, among other offenses, honest services mail fraud.

1

2.   On January 22, 2010, this Court found good cause to continue the previously set trial date because of the pendency of three cases before the United States Supreme Court that could potentially impact the law applicable to this case:

(i) <u>Black v. United States</u>, No. 08-876, cert. granted, May 18, 2009 (decision below:  530 F.3d 596 (7th Cir. 2008).  This cases raised the question of whether petitioners are entitled to reversal of their mail fraud convictions because the district court did not instruct the jury that, to find them guilty under an honest-services theory, the jury had to find that their fraudulent scheme "reasonably contemplated identifiable economic harm" to their employer.  (2) Whether, by opposing the government's request for a special verdict that would have required separate findings on property-rights and honest-services mail fraud, petitioners forfeited their claim that mail fraud convictions must be reversed because the honest-services fraud was legally invalid.

(ii) <u>Weyhrauch v. United States</u>, No. 08-1196, cert. granted, June 29, 2009 (decision below: 548 F.3d 1247 (9th Cir. 2008).  This case raised the question of whether, to convict a state official for depriving the public of its right to the defendant's honest services through the non-disclosure of material information, in violation of the mail fraud statute (18 U.S.C. §§ 1341 and 1346), the government must prove that the defendant violated a disclosure duty imposed by state law.

(iii) <u>Skilling v. United States</u>, No. 08-1394, petition for cert. filed on May 11, 2009 (decision below: 554 F.3d 529 (5th Cir. 2009).  This cases raised the question of whether the federal "honest services" fraud statute, 18 U.S.C. § 1346, requires the

government to prove that the defendant's conduct was intended to achieve "private gain" rather than to advance the employer's interests, and, if not, whether Section 1346 is unconstitutionally vague.

3. These cases are relevant to the conduct charged in the indictment. The <u>Black</u> case, for example, deals with whether the government has to prove an employer has to suffer economic harm. One of the issues in the case before this court is whether CESD suffered economic harm from STYLES' action; the resolution of this issue by the Supreme Court could affect the government's burden of proof at trial. The <u>Skilling</u> case deals with whether the statute itself is unconstitutionally vague. In addition, the <u>Skilling</u> case deals with the elements of the offense, and the government's burden at trial.

4. The <u>Black</u> and <u>Weyrach</u> cases had oral argument before the Supreme Court on December 8, 2009. The <u>Skilling</u> case had oral argument before the Supreme court scheduled on March 1, 2010.

5. These three cases are currently under submission to the Supreme Court, and no decision has been made on them since the last status conference in this case on January 22, 2010.

5. The parties agree that good cause exists to continue the date for the jury trial and trial confirmation hearing while these three cases are pending before the Supreme Court.

6. Accordingly, the parties agree that the Jury Trial, presently scheduled for June 1, 2010, may be continued until October 4, 2010. The Trial Confirmation Hearing, presently scheduled for April 30, 2010, may be continued until September 3, 2010.

3

7. The parties further agree that time may be excluded under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial due to the existence of unresolved questions of law, which means that judicial economy would be served by a continuance.

Dated: December 10, 2009          /s/ Eric Kersten
                                  ERIC KERSTEN
                                  Attorney for Defendant,
                                  GREGORY PAUL STYLES

Dated: December 10, 2009          /s/ Stephen Mensel
                                  STEPHEN MENSEL
                                  Attorney for Defendant,
                                  MARVIN MITCH FREEMAN

                                  BENJAMIN B. WAGNER
                                  United States Attorney

Dated: December 10, 2009    By:   /s/ Mark J. McKeon
                                  MARK J. McKEON
                                  Assistant U.S. Attorney

**ORDER**

**THE COURT HAS RECEIVED AND REVIEWED THE REQUEST AND STIPULATION TO CONTINUE DATES.  WHILE THE COURT FINDS THAT GOOD CAUSE EXISTS, IT CAN NOT ACCOMMODATE THE TRIAL IN THE MONTH OF OCTOBER.  THE COURT NOTES THAT THERE IS A TRIAL CONFIRMATION SET FOR APRIL 30, 2010, AND SUGGESTS THAT IT REMAIN ON CALENDAR FOR A STATUS TO SELECT A NEW TRIAL DATE THAT IS POSSIBLE ON ALL CALENDARS.**

IT IS SO ORDERED.

**Dated:   April 26, 2010              /s/ Lawrence J. O'Neill**
                                  UNITED STATES DISTRICT JUDGE

4